Todd Blanche
Acting Attorney General of the United States
Michael J. Ellis
Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 0 7 2026

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:26-CR-00069-RLP |
| Plaintiff, | Plea Agreement |
| v. | |
| GREGORY EVERYBODYTALKSABOUT, | |
| Defendant. | |

Plaintiff United States of America, by and through Michael J. Ellis, Assistant United States Attorney for the Eastern District of Washington, and Defendant GREGORY EVERYBODYTALKSABOUT ("Defendant"), both individually and by and through Defendant's counsel, David Miller, agree to the following Plea Agreement.

1.    Guilty Plea and Maximum Statutory Penalties

Defendant agrees to enter a plea of guilty to the Indictment filed on June 3, 2026, which charges Defendant with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), a Class C felony.

Defendant understands that the following potential penalties apply:

a.    a term of imprisonment of not more than fifteen years;

b.    a term of supervised release of not more than three years;

PLEA AGREEMENT - 1

c.    a fine of up to $250,000; and

d.    a $100 special penalty assessment.

2.    Supervised Release

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, up to the following terms:

a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony,

c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C or D felony, and/or

d.    1 year in prison if the offense that resulted in the term of Supervised Release is a class E felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.    The Court is Not a Party to this Plea Agreement

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

a.    sentencing is a matter solely within the discretion of the Court;

PLEA AGREEMENT - 2

b.      the Court is under no obligation to accept any recommendations made by the United States or Defendant;

c.      the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d.      the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e.      the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart or vary upward or downward under certain circumstances; and

f.      the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4.    Potential Immigration Consequences of Guilty Plea

If Defendant is not a citizen of the United States, Defendant understands the following:

a.      pleading guilty in this case may have immigration consequences;

b.      a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c.      removal from the United States and other immigration consequences are the subject of separate proceedings; and

d.      no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

PLEA AGREEMENT - 3

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5. Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a. the right to a jury trial;

    b. the right to see, hear and question the witnesses;

    c. the right to remain silent at trial;

    d. the right to testify at trial; and

    e. the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6. Elements of the Offense

The United States and Defendant agree that, in order to convict Defendant of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), the United States would have to prove the following beyond a reasonable doubt.

    a. *First*, on or about November 8, 2025, within the Eastern District of Washington, Defendant knowingly possessed a firearm, to wit: a Winchester Model 70, 7mm WSM rifle,

PLEA AGREEMENT - 4

bearing serial number G2440222; or ammunition, to wit: at least one round of Hornady 7mm Remington Magnum ammunition;

b.    *Second*, the firearm or ammunition had been shipped or transported from one state to another;

c.    *Third*, at the time Defendant possessed the firearm or ammunition, Defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

d.    *Fourth*, at the time Defendant possessed the firearm or ammunition, Defendant knew he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

7.    Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing.

//

//

//

//

PLEA AGREEMENT - 5

On November 8, 2025, Defendant went hunting within the external boundaries of the Colville Indian Reservation. As depicted in the below image, Defendant possessed a firearm while hunting:



Defendant's residence was searched on November 8, 2025. At least one round of Hornady 7mm Remington Magnum ammunition was located. Defendant informed law enforcement that he had been hunting and that the firearm was at his son-in-law's residence. Law enforcement responded to Defendant's son-in-law's residence and located the depicted firearm, a Winchester Model 70, 7mm WSM rifle, bearing serial number G2440222, in a vehicle.

Both the Winchester Model 70, 7mm WSM rifle, bearing serial number G2440222, and the Hornady 7mm Remington Magnum ammunition were analyzed and determined to have been manufactured outside the State of Washington.

Defendant has previously been convicted of a crime punishable by imprisonment for a term exceeding one year. As Defendant served more than one year imprisonment, Defendant knew he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

8.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss, as pertains to Defendant, the Superseding Indictment in Case No. 2:25-CR-00180-RLP-2 filed on December 17, 2025, which charges Defendant with Assault

PLEA AGREEMENT - 6

Resulting in Serious Bodily Injury in Indian Country, in violation of 18 U.S.C. §§ 113(a)(6), 1153, 2 (Count 1); Assault with a Dangerous Weapon in Indian Country, in violation of 18 U.S.C. §§ 113(a)(3), 1153, 2 (Count 2); and Attempted Witness Tampering, in violation of 18 U.S.C. §§ 1512(b)(1), 2 (Count 3).

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

9.    United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing.

a.    Base Offense Level

The United States and Defendant stipulate and agree that the base offense level for Felon in Possession of a Firearm is fourteen (14). *See* U.S.S.G. § 2K2.1(a)(6).

b.    Acceptance of Responsibility

The United States will recommend that Defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) if Defendant does the following:

    i.    accepts this Plea Agreement;

    ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

    iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

PLEA AGREEMENT - 7

iv.    provides complete and accurate information during the sentencing process; and

v.    does not commit any obstructive conduct.

The parties agree that, at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, before sentencing, Defendant is convicted of any criminal offense or, if Defendant tests positive for any controlled substance.

c.    <u>Agreements Regarding Representations to the Court</u>

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

i.    The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

ii.    The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

iii.    The United States and Defendant may each present and argue any additional facts that the United States or

PLEA AGREEMENT - 8

Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

iv. The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report;

v. The United States and Defendant may each respond to any arguments presented by the other;

vi. In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

vii. In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

PLEA AGREEMENT - 9

> viii.    The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and.
>
> ix.    Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate.

### e. No Other Agreements

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.

### f. Criminal History

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigation Report.

### 10. Incarceration

The United States and Defendant agree to recommend a sentence of time served. The time served sentence will begin with Defendant's arrest on October 4, 2025, by the Colville Tribal Police Department and encompass Defendant's pre-trial incarceration pursuant to Case No. 2:25-CR-00180-RLP-2, which began on December 22, 2025.

At the time of Defendant's original sentencing in the District Court, the United States agrees to make a sentencing recommendation to the Court that is consistent with this Plea Agreement. The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original

PLEA AGREEMENT - 10

sentencing in the District Court. The United States' agreement to make such a recommendation does not prohibit or limit in any way the United States' ability to argue for or against any future sentencing modification that takes place after Defendant's original sentencing in the District Court, whether that modification consists of an amendment to the Guidelines, a change to a statutory minimum or maximum sentence, any form of compassionate release, any violation of Supervised Release, or any other modification that is known or unknown to the parties at the time of Defendant's original criminal sentencing. In this Plea Agreement, the United States makes no promises or representations about what positions the United States will take or recommendations the United States will make in any proceeding that occurs after Defendant's original sentencing in the District Court.

11.   Supervised Release

The United States and Defendant agree to recommend that the Court impose a three (3) year term of supervised release. Defendant agrees that the Court's decision regarding the term and conditions of Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal any condition of the Supervise Release.

Defendant understands that the United States intends to recommend that, in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

- That the United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control;

PLEA AGREEMENT - 11

- That Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs;

- That Defendant shall abstain from the use of alcohol;

- That Defendant shall complete such mental health evaluations and treatment as the Probation Officer directs; and

- That Defendant have no contact, direct or indirect, with E.R.

12.    Criminal Fine

The United States and Defendant agree to recommend that no fine be imposed. Defendant agrees that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with any fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal any fine imposed.

13.    Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington. *See* 18 U.S.C. § 3013.

14.    Judicial Forfeiture

Defendant agrees to voluntarily forfeit and relinquish all right, title and interest he has in the following listed assets to the United States:

- a Winchester Model 70, 7mm WSM rifle, bearing serial number G2440222 and seized ammunition.

Defendant acknowledges that the assets listed above are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as property involved or used in the commission of the offense Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), to which Defendant is pleading guilty.

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding. Defendant agrees to hold all law enforcement agents and the United

PLEA AGREEMENT - 12

States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement. Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

15. Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. Additional Violations of Law Can Void Plea Agreement

The parties agree the United States may, at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, before sentencing, Defendant is convicted of any criminal offense or tests positive for any unlawful controlled substance.

17. Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

Defendant expressly waives Defendant's right to appeal any aspect of Defendant's conviction and/or the sentence the Court imposes, on any grounds.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

PLEA AGREEMENT - 13

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

Defendant expressly waives Defendant's right, even if otherwise authorized by the United States Constitution or federal law, to challenge in the district court, to move to withdraw Defendant's plea based on, or to appeal the validity and/or entry of, any and all charging instruments, any and all plea agreements, any and all pleadings, any and all communications between any and all defense counsel and any and all Assistant United States Attorneys, and/or any and all guilty pleas in the above-captioned matter based on any and all arguments that the United States, the United States Attorney's Office for the Eastern District of Washington, the Deputy Attorney General, any and all First Assistant United States Attorneys for the Eastern District of Washington, any and all Criminal Chiefs for the United States Attorney's Office for the Eastern District of Washington, any and all Assistant United States Attorneys for the Eastern District of Washington, and/or any and all attorneys for the government, are in any way unauthorized to bring, seek, file, and/or resolve any and all aspects of the above-captioned matter, case, and/or charges.

18.   Withdrawal or Vacatur of Defendant's Plea

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

PLEA AGREEMENT - 14

a. Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

b. the United States may prosecute Defendant on all available charges;

c. The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d. the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19. Release Pending Sentencing

The United States and Defendant agree that, following Defendant's entry into this Plea Agreement, Defendant be released on conditions under 18 U.S.C. §§ 3142(c) and 3143(a). While both the United States and Defendant are free to argue for or against additional conditions of release, the United States and Defendant agree that the Court should impose the following conditions:

PLEA AGREEMENT - 15

- That Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs;

- That Defendant shall abstain from the use of alcohol; and

- That Defendant shall have no contact, direct or indirect, with E.R.

Defendant understands that, were Defendant to violate his conditions of release, the United States would be free to request that Defendant be detained pending sentencing.

20. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the parties, and no other promises, agreements, or conditions exist between the parties concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree this Agreement cannot be modified except in a writing that is signed by both parties.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Todd Blanche
Acting Attorney General

_____        7-7-2026
Michael J. Ellis                Date
Assistant United States Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this

PLEA AGREEMENT - 16

Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____        7-7-2026
Gregory Everybodytalksabout                      Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____        7/07/26
David Miller                                              Date
Attorney for Defendant

PLEA AGREEMENT - 17